## Blakely Estate

*Wells, Campbell, Reynier & Yohn* and *C. Edmund Wells*, for accountant.

*Frederick B. Smillie*, for claimant.

Taxis, P. J., August 8, 1962.—Paige R. Blakely died on March 28, 1961, intestate, and letters of administration on his estate were granted to the accountant on April 21, 1961.

At the time of his death, decedent was married to Sarah M. Blakely, also known as Sarah May Blakely, who died intestate at the same time and place as decedent with no evidence of survivorship of decedent or his wife, so that under the Pennsylvania Uniform Simultaneous Death Act of June 19, 1941, P. L. 138, 68 PS §521-529, no presumption of survivorship exists.

Decedent was survived by five married daughters, the children of his first marriage, and one son, Paige R. Blakely, Jr., the child of his second marriage. Under the intestate laws, each is entitled to a one-sixth interest in the distributable estate, as requested in the petition for adjudication.

This matter, however, is complicated by the fact that Paige R. Blakely, Jr., is presently under investigation by the district attorney of Montgomery County and the Pottstown police, as a possible suspect in the homicidal killing of decedent and his wife, Sarah May Blakely. Decedent and his wife presumably died on March 28, 1961, at their residence, 42 Chestnut Street, Pottstown, Pennsylvania. Death apparently resulted from gunshot wounds inflicted other than accidentally. To date, however, no information or indictment has been made against Paige R. Blakely, Jr. The district attorney and the Pottstown police have been notified of this audit.

The Act of August 5, 1941, P. L. 816, 20 PS §3441 et seq., dealing with the property rights of slayers, provides as follows, in section 2:

"No slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent, but such property shall pass as provided in the sections following."

Section 1 defines "slayer" as "any person who participates, either as a principal or as an accessory before the fact, in the wilful and unlawful killing of any other person."

Although the courts have rendered numerous decisions relating to the interpretation and applicability of this act, there is a dearth of authority relating to how long the administration of an estate, otherwise routine, should be delayed pending a determination of guilt or innocence. Certainly it would be neither just nor equitable to prolong the settlement of an estate indefinitely, simply because the authorities have not been able to make an arrest. There is no statute of limitations upon murder, and the district attorney and police must be more concerned with final justice than with saving time. In addition, everyone is entitled to the presumption of innocence and all of the benefits which accompany it, until conclusively shown to be guilty.

Nevertheless, in the case at hand, it cannot be said that so much time has elapsed since decedent's death that some further delay would be unreasonable under all the circumstances. Paige R. Blakely, Jr., is not a resident of Pennsylvania, and this fact alone may have caused difficulty in the investigation. It therefore appears advisable to postpone final distribution to Paige R. Blakely, Jr., for such a period of time as is reasonable to allow the authorities to complete their investigation of decedent's death. This decision is made without prejudice to the right of Paige R. Blakely, Jr., to apply to this court at any time for an order of distribution whenever circumstances would justify such action.

Accordingly, the distribution of a one-sixth interest each to Mrs. Margaret Spradlin, Mrs. Mabel Randolph, Mrs. Dorothy Moran, Mrs. Mildred Young, and Mrs. Louise Strickler is approved. The one-sixth interest attributable to Paige R. Blakely, Jr., is awarded back to the accountant in accordance with this adjudication.

And now, August 8, 1962, this adjudication is confirmed nisi.